The judgment of the United States Customs Court is *reversed.*

UNITED STATES *v.* L. OPPLEMAN, INC. (No. 4270)[1]

United States Court of Customs and Patent Appeals, February 5, 1940

*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott*, special attorney, of counsel), for the United States.

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for appellee.

[Oral argument December 4, 1939, by Mr. Oliver and Mr. Allerton deC. Tompkins]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The Government has here appealed from a judgment of the United States Customs Court, First Division, sustaining appellee's protest lodged against the action of the Collector of Customs at the port of New York in classifying an article invoiced as "Miniature Telescope" under paragraph 1513 of the Tariff Act of 1930 at 70 per centum ad valorem as a toy, it being claimed in the protest that the merchandise

[1] C. A. D. 97

should have been classified under the provision of paragraph 228 (b) which provides for "telescopes" and "all optical instruments," and assessed at 45 per centum ad valorem.

The pertinent portions of the statute involved read as follows:

PAR. 228 (b) * * * telescopes, microscopes, all optical instruments, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, not specially provided for, 45 per centum ad valorem.

PAR. 1513. * * * and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

The imported article in controversy was made in Japan and, according to the testimony of the single witness for the importer— Samuel Sanders, president and manager of L. Oppleman, Inc., importers of optical goods, sporting goods and novelties—sells at retail for 25 cents. He stated that it magnified, according to his calculations, 2¾ times and contained 2 lenses. The imported article, represented by Exhibit 1, is collapsible, having three sections. When closed it is about 2 inches long and when extended about 4 inches long and is approximately ½ inch in diameter. The tubular sections are made of a thin, tin-like metal and the ends of a darker metal and glass.

The classification of the collector carries with it a presumed finding that the merchandise at bar was chiefly used for the amusement of children, regardless of the fact as to whether it was or was not suitable for physical exercise or mental development. The sole question to be decided in the case at bar would seem to be: Has the importer, by the introduction of the said exhibit and the testimony of the single witness, overcome the presumed correctness of the classification and the finding of the collector?

It is interesting to note that at the trial the presiding judge tested Exhibit 1 and stated that he could not see the clock in front of him while looking through the article but that he could see the clock easily with his naked eye. While the demonstration of the efficiency of the article in the argument of the case here was more satisfactory from the importer's viewpoint than the demonstration before the trial court appeared to be, nevertheless any use to which the article can be put, as far as we have observed, is not very helpful in aiding vision. The witness testified that the article brought the details closer to him when looked at through the telescope and that he had observed children or persons "over 14 years old or younger" using the article in observing the numbers of passing automobiles. Later he seemed to indicate that the parties so using the article were from 16 to 20 years of age and stated that in his experience a man of from

20 to 25 was not satisfied with such a device as is at bar and required a more expensive one such as Illustrative Exhibit A which he introduced, referred to as being a pocket scope, and stated that it sold retail for $3, but magnified with the same power as Exhibit 1. He stated that young men would start with a small telescope and gradually as they got older would become more interested and would "go in for a better type of telescopes."

The trial court in its decision said:

The Government did not introduce any evidence and the testimony of plaintiff's witness stands unrebutted, except by the court's own test of Exhibit 1 which indicates it has little magnifying power.

It is evident from the uncontradicted testimony of plaintiff's witness and our inspection of Exhibit 1, that this is not an article chiefly used for the amusement of children. The court cannot conceive of a young child under the age of puberty getting amusement out of Exhibit 1. Its use, in the court's opinion, would tend to annoy him, as did the court's test thereof, and certainly would not amuse a child or anyone else.

It would seem the parties did not wish to give the Court very many facts upon which to base a finding, but what were produced indicate the merchandise is not a toy.

While the court's test of this article is in contradiction of the magnifying powers of exhibit 1 as testified by the plaintiff, and it does not appear to the court to be practically useful for observing objects at a distance, still it is a telescope, though an extremely limited one, and inasmuch as telescopes are *eo nomine* covered by paragraph 228 (b), without regard to their practicability, we hold it dutiable thereunder at 45 percent ad valorem, as claimed by plaintiff.

The protest is sustained.

It will be noticed that the court found that the article at bar had little mangifying power and that the parties did not give the court very much information on the subject, but what was given indicated that the article was not a toy. It also found that the article "does not appear to the court to be practically useful for observing objects at a distance" and that regardless of its practicability the court would hold it to be a telescope.

We think the court arrived at the wrong conclusion upon the record before it and that the testimony and Exhibit 1, and any test that was given it or could be given it, would not justify the conclusion that the imported article was the kind of telescope or optical instrument Congress intended to be covered by paragraph 228 (b). It might be said here, as we have said elsewhere, that in matters of this kind the sample is often a very potent witness—*United States* v. *Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995.

Instead of the testimony showing that the article is not a toy within the meaning of the term as used in the paragraph involved, we think it has the tendency of showing that the article is a toy—such a one as would be used chiefly for the amusement of children. Moreover, our examination of the sample confirms us in the belief that the article is suitable for no practical use and has the characteristics of a toy as

that term is generally understood and as it is defined in paragraph 1513. A witness testifying that he happened to see certain boys using the article in observing car numbers on the side of the road certainly falls far short of proving that the article is not chiefly used for the amusement of children. The court found that the article would not amuse a child because he could not see through it. There are a great many toys used by children that do not perform the function which in the child's mind they are supposed to suggest. Nevertheless, the child gets amusement in a make-believe way from such articles.

We think that the cheap, flimsy, tinny, articles at bar do not rise to the dignity of the articles provided for in paragraph 228 (b) and were properly classified and assessed with duty by the collector and that the court erred in sustaining appellee's protest. The judgment of the trial court is *reversed*.